STEVENSON et al. v. TENNESSEE COPPER CO.

(Circuit Court, E. D. Tennessee, N. D. June 2, 1911.)

No. 1,551.

1. NEW TRIAL (§ 143*)—VERDICT—VACATION—AFFIDAVIT OF JURORS.

In the federal courts in matters where testimony of jurors is admissible to furnish grounds for vacating a verdict, it is proper to present such testimony by affidavit.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 290–296; Dec. Dig. § 143.*]

2. NEW TRIAL (§ 143*)—MISCONDUCT OF JURY—EVIDENCE OF JUROR.

In a suit to recover damages for the destruction of forest trees by gases and smoke emitted by defendant's copper reduction plant, a juror's affidavit, alleging that during a deliberation one of the other jurors stated that he had had large experience in dealing in timber of the character of that for which claim was made, and that of his own knowledge such timber was worth $5 a thousand on the stump, and another of the jurors stated that he had timber land in U. county, and that he would not permit the timber to be cut or destroyed for less than $50 an acre, and that these jurors discussed the value of various kinds of timber, and seemed to be more or less experienced in such matters and acquainted with the market value of timber, was admissible to show misconduct of the jury; and to entitle defendant to a new trial.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 290–296; Dec. Dig. § 143.*]

At Law. Action by Paul E. Stevenson and others against the Tennessee Copper Company. On defendant's motion for a new trial. Granted.

This was a suit by the plaintiffs to recover damages for the destruction of trees upon their tract of land by gases and smoke exhaled in the roasting and reduction of copper ores by the defendant. There was a trial by jury. A material issue in the case, as to which there was conflicting evidence, was the value of the white pine and other trees alleged to have been thus destroyed. There was a verdict in plaintiffs' favor for $32,371.74. The defendant moved for a new trial upon various grounds.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Cornick, Frantz & McConnell, for the motion.
Chas. Seymour, opposed.

SANFORD, District Judge (after stating the facts as above). I am of opinion that the 8th ground of the defendant's motion for new trial is well taken.

The affidavit of the juror Hudiburg shows, without contradiction, that in the jury room while in consideration of the case one of the other jurors stated that he had had large experience in dealing in timber, particularly white pine, and that of his own knowledge white pine was worth $5.00 per thousand on the stump; that another of the jurors stated in the jury room while in consideration of the case that he owned timber land in Union County which he would not permit cut or the timber destroyed upon for less than $50.00 per acre; that these two jurors discussed the value of various kinds of timber, poles, ties, acid wood and tan bark; that it seemed from their conversation that they had had more or less experience in timber matters and to be more or less acquainted with the market value of timber; and further that affiant relied upon their statements in that respect in fixing upon the verdict.

[1] 1. It must be deemed as settled in Mattox v. United States, 146 U. S. 141, 151, 13 Sup. Ct. 50, 36 L. Ed. 917, that in the Federal Courts in matters where testimony of jurors is admissible for the purpose of setting aside a verdict, an affidavit is a proper method of embodying the testimony of the juror and bringing the matter to the attention of the court.

[2] 2. It is furthermore well settled in Tennessee that on motion for new trial affidavits of jurors may be introduced for the purpose of showing that a member of a jury communicated to his fellow jurors facts not submitted to them in the trial by the testimony of witnesses, in other words, that members of the jury testified to their fellows after they had been impaneled. Street Railroad Co. v. Simmons, 107 Tenn. 392, 402, 64 S. W. 705; Lee v. State, 121 Tenn. 521, 552, 116 S. W. 881. In Street Railroad Co. v. Simmons, supra, the court said:

"It has always been held in this State that testimony given to a jury after it has left the presence of the court vitiates a verdict, because it is not on oath and is given without the knowledge of those to be affected by it, and who have therefore, no opportunity of meeting and repelling it, and that testimony was so given may be shown by the affidavits of the jurors. Donston v. State, 6 Humph. 275; Wade v. Ordway, 1 Baxt. 229; Id., 1 Shan. Cas. 261; Morton v. State, 1 Lea, 498; Nolan v. State, 2 Head, 521. In the case of Sam v. State, 1 Swan, 61, the juryman stated that the information communicated to him by his fellow-jurors exercised no influence whatever upon him in making up the verdict, and that he thought or believed they would have come to the same conclusion from the testimony in the case. Judge McKinney, however, said it was not for this court to say whether the testimony was sufficient to have supported the verdict, independent of the statement made to the jury."

And while it may be doubted whether this rule of practice in Tennessee is binding upon the Federal Courts under the conformity statute, and while this rule appears to be in conflict with the rule usually

followed in other States, where the affidavit of a juror as to such matters is not ordinarily admissible, I am nevertheless constrained to the conclusion that evidence of this character is admissible in the Federal Courts in the form of affidavits of jurors under the authority of Mattox v. United States, supra. In that case the trial court, on the motion for new trial, had excluded the affidavits of certain of the jurors in respect to statements made in the presence of the jury by the bailiff having them in charge and also as to the fact that while the jury were deliberating as to their verdict a newspaper containing a comment on the case under consideration by the jury was introduced into the jury room and read to the jury. Chief Justice Fuller in delivering the opinion of the court, after citing the case of United States v. Reid, 12 How. 361, 366, 13 L. Ed. 1023, as indicating that the public policy which forbids reception of the affidavits, depositions or sworn statements of jurors to impeach their verdicts, may, in the interest of justice, create an exception to its own rule, to be exercised with great caution, said:

"There is, however, a recognized distinction between what may and what may not be established by the testimony of jurors to set aside a verdict. This distinction is thus put by Mr. Justice Brewer, speaking for the Supreme Court of Kansas in Perry v. Bailey, 12 Kan. 539, 545: 'Public policy forbids that a matter resting in the personal consciousness of one juror should be received to overthrow the verdict, because being personal it is not accessible to other testimony; it gives to the secret thought of one the power to disturb the expressed conclusions of twelve; its tendency is to produce bad faith on the part of a minority, to induce an apparent acquiescence with the purpose of subsequent dissent; to induce tampering with individual jurors subsequent to the verdict. But as to overt acts, they are accessible to the knowledge of all the jurors; if one affirms misconduct, the remaining eleven can deny; one cannot disturb the action of the twelve; it is useless to tamper with one, for the eleven may be heard. Under this view of the law the affidavits were properly received. They tended to prove something which did not essentially inhere in the verdict, an overt act, open to the knowledge of all the jury, and not alone within the personal consciousness of one.' The subject was much considered by Mr. Justice Gray, then a member of the Supreme Judicial Court of Massachusetts, in Woodward v. Leavitt, 107 Mass. 453 [9 Am. Rep. 49], where numerous authorities were referred to and applies, and the conclusions announced, 'that on a motion for a new trial on the ground of bias on the part of one of the jurors, the evidence of jurors as to the motives and influences which affected their deliberations, is inadmissible either to impeach or to support the verdict. But a juryman may testify to any facts bearing upon the question of the existence of any extraneous influence, although not as to how far that influence operated upon his mind. So a juryman may testify in denial or explanation of acts or declarations outside of the jury room, where evidence of such acts has been given as ground for a new trial.' See, also, Ritchie v. Holbrooke, 7 Serg. & R. (Pa.) 458; Chews v. Driver, 1 N. J. Law, 166; Nelms v. State, 13 Smedes & M. (Miss.) 500 [53 Am. Dec. 94]; Hawkins v. New Orleans Printing Co., 29 La. Ann. 134, 140; Whitney v. Whitman, 5 Mass. 405; Hix v. Drury, 5 Pick. (Mass.) 296. We regard the rule thus laid down as conformable to right reason and sustained by the weight of authority. These affidavits were within the rule, and being material their exclusion constitutes reversible error."

I am therefore constrained to hold, in view of this opinion in the Mattox Case, that the affidavit of a juryman is admissible as to any facts bearing upon the question of the existence of any extraneous influence brought to bear upon the jury in their deliberations, con-

stituting misconduct, open to the knowledge of all the jury and not alone resting within the personal consciousness of one, and that as the affidavit of the juror Hudiburg in this case shows that statements were made by two of the jurors relating to a most material matter in the controversy, to-wit, the value of timber, these statements being made after the jury had retired and when adverse counsel had no opportunity for cross-examination, and being of a character that may well have influenced the jury in their deliberations and have been most prejudicial to the defendant, a new trial should upon that ground be granted.

3. Therefore without passing upon the other grounds of the motion for new trial I am of opinion that this ground of the motion in so far as it relates to the statements made by the two jurors in the presence of the jury should be granted.

An order will accordingly be entered granting the defendant's motion for new trial upon the ground indicated.